## CENTRAL ASPHALT AND REFINING COMPANY v. MANNING.

### Decided October 27, 1904.

**Estoppel—Representations Not Acted Upon.**

Representations and promises by defendant to an employe of a contractor that his wages were all right and defendant would guarantee them if he would continue work did not estop it from denying liability to plaintiff who refused to continue the work on such assurance.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Greer, Greer & Nall,* for appellant.

*John J. O'Fiel,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought and tried in the County Court of Jefferson County. Its nature as originally instituted is not nearly disclosed by the record, the cause having been tried on a supplemental petition and supplemental answer, and these two being

all the pleadings embodied in the transcript. It is stated, however, in appellee's brief, and may perhaps be a justifiable inference from the record, that the suit was originally brought to recover of one E. A. Bryan wages alleged to be due for work performed by plaintiff under employment by Bryan, who had contracted to do certain construction work for the defendant company. The latter seems to have been made a party for the purpose of enforcing a laborer's lien upon the property to secure the sum alleged to be due. In response to the answer of the company that the contract originally entered into with Bryan had been assigned to another prior to the performance of the work, and that defendant owed Bryan nothing, the plaintiff abandoned his suit as to Bryan (who was a nonresident and had not answered), and by supplemental petition prayed for judgment directly against the defendant company in the sum of $150 wages, $14.50 expenses incurred for that company in the performance of the work, and $50 attorney's fees as exemplary damages. The liability of the company was based on allegations that defendant knew when plaintiff undertook the work that Bryan had no contract with the company, but, nevertheless, allowed plaintiff to proceed with the work, relying upon his belief in the existence of such a contract, and that defendant's agents represented to plaintiff that there was such a contract, and promised to reserve a sum equal to the amount of his wages and pay it to him when due. That the conduct of defendant in this respect was willful and fraudulent, wherefore he prayed for exemplary damages.

It is unnecessary to state the nature of defendant's supplemental answer further than to say the allegations of plaintiff were denied. On the trial the following facts were established without dispute:

E. A. Bryan, of Chicago, contracted with the defendant company to construct for it certain metal tanks at Port Neches, Texas. Bryan thereupon employed plaintiff, also of Chicago, to come to Texas and have the work done, the salary of plaintiff being agreed on. Bryan being indebted to the Scully Steel and Iron Company, assigned to that company the sum due him by the defendant company on the 28th day of April, 1902. He had on April 8, 1902, formed the corporation of Bryan & Co., to whom he assigned the contract to perform the work for defendant. Plaintiff knew nothing of these transfers, or of the formation of the corporation of Bryan & Co. At the time plaintiff quit work, as hereinafter shown, defendant owed Bryan & Co. $800 for work already done. Bryan & Co. were not made parties to this suit.

The sole issue made was whether the conduct of defendant's agents had been such as to estop the defendant to deny that it owed E. A. Bryan.

Upon this issue plaintiff testified that under his employment by Bryan he worked from June, 1902, until September 11, 1902, when, becoming uneasy about his pay, which was in arrears, he wired Bryan concerning it. That the latter replied to the effect that, if plaintiff was not satisfied on the point, he could quit. That upon receipt of this telegram he quit, but went to Mr. Cullom, defendant's manager, and asked him about Bryan. That Cullom told him his wages were all right, and if he would go on with the work and not annoy them with an effort to fix

a lien, defendant would guarantee his pay. This plaintiff did not do, but procured an attorney and brought this suit as indicated above.

Plaintiff himself testified that until he quit, as above stated, he had no talk with any of defendant's agents concerning his wages or the Bryan contract, and that at no time did they make any representations to plaintiff; that his contract was with Bryan, and he was looking to Bryan for his pay. The other evidence bearing on this point was to the same effect.

It is apparent, therefore, that plaintiff has not only failed to establish his allegations, but has established an opposite state of facts.

Whatever may be his rights as against Bryan, or as against Bryan & Co., or as against this defendant in a suit to fix his lien against the property for so much of the sum due Bryan & Co. as is necessary to liquidate his claim, the judgment fixing an original liability against this defendant can not be allowed to stand.

The facts being undisputed, the judgment of the trial court is reversed, and judgment here rendered for defendant.

*Reversed and rendered.*